The Honorable Mike Huckabee Lieutenant Governor State of Arkansas State Capitol, Suite 270 Little Rock, Arkansas 72201
Dear Lieutenant Governor Huckabee:
This is in response to your request for an opinion on "whether or not the State has any precedent or legal basis for adding a surcharge on the state income [tax] for those who live in a district where the millage of that district has not been raised to a certain level as mandated by the state legislature."
Your question implicates Act 916 of 1995, the constitutionality of which I address in Op. Att'y Gen. 95-319, issued today (copy enclosed). In that opinion, I conclude that an argument can be made challenging the constitutionality of Act 916 under Ark. Const. art. 5, § 21, which prohibits a bill from being "so altered or amended on its passage through either house as to change its original purpose," although the issue can be determined definitively only by a court. I also conclude therein, however, that the substance of Act 916 is probably not otherwise objectionable on constitutional grounds.[1]
In response to your specific question, I know of no historical precedent for an income tax surcharge similar to the one imposed by Act 916, but the same might be said of the provisions of a great number of perfectly valid laws passed during each session of the General Assembly. The legal basis for the imposition of the surcharge is, of course, Act 916 itself, which levies the surcharge. A primary and sufficient legal basis for the passage of Act 916 is the legislative power of the State, vested in the General Assembly under Ark. Const. art. 5, § 1, particularly in view of the constitutional requirements that "the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education," Ark. Const. art. 14, § 1, that "[t]he General Assembly shall provide for the support of common schools by general law," Ark. Const. art. 14, § 3, and that "[t]he State's ancient right . . . of taxation is herein fully and expressly conceded," Ark. Const. art. 2, §23.
The Supreme Court of Arkansas has held that "[t]he right to impose taxes upon citizens and property for the support of the state government may be restricted by the Constitution, but needs no clause to confer it." Morleyv. Remmel, 215 Ark. 434, 439, 221 S.W.2d 51 (1949). Likewise, the court has stated that "we do not have to search the Constitution for express authority to levy the tax. The power to levy it exists as an inherent right, unless the Constitution has denied the right to the State to levy taxes of this character." Stanley v. Gates, 179 Ark. 886, 890,19 S.W.2d 1000 (1929), quoting Sims v. Ahrens, 167 Ark. 557, 271 S.W. 720
(1925).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] In reaching the ultimate conclusions stated in Op. Att'y Gen.95-319, I conclude that Act 916 does not, as implied by your question, impose a minimum millage requirement. As discussed in that opinion, such a requirement is beyond the authority of the General Assembly.